United States District Court
Southern District of Texas
**ENTERED**
September 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Kassandra Cabrera and Martin Cabrera, *Plaintiffs*, | § § § § | |
| v. | § § | Civil Action M-23-227 |
| State Farm Mutual Automobile Insurance Company, *Defendant*. | § § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. Pending before the court is Plaintiffs' Opposed Motion to Remand. ECF No. 5. The court has considered the motion, the response, and the applicable law. The court recommends that the motion be **DENIED.**

Plaintiffs allege that they were in an automobile accident with Michael Strickland, an underinsured motorist. ECF No. 1-2 at 8. Plaintiffs were insured by State Farm Mutual Automobile Insurance Company (State Farm) and had underinsured motorist coverage. *Id.* Plaintiffs filed suit in state court against Strickland and State Farm. *Id.* at 9–10. After Plaintiffs nonsuited their claims against Strickland, State Farm removed the lawsuit to federal court based on diversity jurisdiction. ECF No. 1 at 2. Plaintiffs argue that there is no diversity jurisdiction because the amount in controversy does not exceed $75,000. ECF No. 5.

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the burden of proving by a preponderance of the evidence that subject

matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is ordinarily determined based on "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). Among other things, courts consider policy limits and potential attorney fees when ascertaining the amount in controversy in an action for declaratory relief. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412. Plaintiffs might make such a showing by pointing to state law that prohibits such recovery or a binding stipulation or affidavit filed with the original state petition. *Id.*; *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("[I]n Texas—'litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.'"). A stipulation, affidavit, or amendment of pleadings after removal does not deprive the district court of jurisdiction, and these "may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (collecting cases); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

Plaintiffs' petition alleges that State Farm "is obligated to pay the full amount of the Underinsured Motorist Provision's policy limits, plus attorney's fees" and costs. ECF No. 1-2 at 10. Plaintiffs and State Farm agree that the policy limit for bodily injury is $60,000. *See* ECF No. 1 at 15; ECF No. 5 at 5; ECF No. 6 at 1. They also agree that the policy limit for property damage is $25,000. *See* ECF No. 1 at 15; ECF No. 5 at 4–5; ECF No. 6 at 2. State Farm estimates that Plaintiffs' attorney fees in this case would total at least $18,000. ECF No. 6 at 2–3. Plaintiffs do not dispute State Farm's estimate, which appears to the court to be reasonable.

Plaintiffs cite their demand letter sent to State Farm and argue that their damages are limited to past medical expenses of $42,000. But the demand letter seeks the full policy limit. ECF No. 1 at 13 (demanding "payment of the full amount of [State Farm's] policy limits"). Plaintiffs argue that the $25,000 policy limit for property damage is irrelevant because that claim has settled. ECF No. 5 at 4–5. Plaintiffs cite no evidence for this claim. Nor do they cite evidence demonstrating that they withdrew that part of their demand before removal. Without evidence that the property damage claim against State Farm was extinguished at the time of removal, the court must conclude that it remains. *See In re Deepwater Horizon*, 745 F.3d at 163 ("[O]perative facts and pleadings are evaluated at the time of removal.").

Even disregarding the property damage claim, the bodily injury policy limit of $60,000, together with a conservative estimate of $18,000 for attorney's fees, exceeds the jurisdictional minimum. State Farm's uncontested estimate of attorney's fees is based on an hourly rate of $150 and 120 hours of work. ECF No. 6-1 at 2–3. Those figures are not unreasonable were this case to be tried to a jury.

Because the amount in controversy exceeds $75,000, and because the parties agree that they are citizens of different states, removal was proper and the motion to remand should be **DENIED.**

The parties have fourteen days from service of this memorandum and recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on September 13, 2023.

Peter Bray
United States Magistrate Judge